IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR71** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **GUSTAVO SAUCEDO-BELTRAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the government's objection thereto (Filing No. 87). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The government objects to the statement in ¶ 49 that the probation officer is of the belief that the Defendant is responsible for 492 grams of methamphetamine.[1] The Court is not at liberty to change the probation officer's assessment, and the amount used in choosing the base offense level is the amount agreed upon by the parties. Therefore, the objection is denied.

IT IS ORDERED:

1.  The government's Objection to the Presentence Investigation Report (Filing No. 87) is denied;

---

[1] In paragraph 49, the probation officer adds that the case agent advised that it is not unreasonable that the Defendant is responsible for at least 500 grams of methamphetamine, the amount agreed upon by the parties in the plea agreement. The probation officer relied on the amount set out in the plea agreement in choosing the base offense level.

2.  The Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.  Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 13th day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge